1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARTHUR FERNANDO SAMARO,              No.  2:19-cv-1691 CKD P

12              Plaintiff,

13        v.                             ORDER REFERRING CASE TO POST-
                                         SCREENING ADR PROJECT AND
14   SIMPSON,                            STAYING CASE FOR 120 DAYS

15              Defendant.

16

17        Plaintiff is a state prisoner, proceeding without counsel.  Defendant Simpson has waived

18   service of process.

19        The undersigned is referring all post-screening civil rights cases filed by pro se inmates to

20   the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such

21   cases more expeditiously and less expensively.  Defense counsel from the Office of the California

22   Attorney General has agreed to participate in this pilot project.  No defenses or objections shall be

23   waived by their participation.

24        As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights

25   claim.  Thus, the court stays this action for a period of 120 days to allow the parties to investigate

26   plaintiff's claims, meet and confer, and then participate in a settlement conference.

27   ////

28   ////

1     There is a presumption that all post-screening civil rights cases assigned to the
undersigned will proceed to settlement conference.[1]  However, if after investigating plaintiff's
claims and speaking with plaintiff, and after conferring with defense counsel's supervisor,
defense counsel in good faith finds that a settlement conference would be a waste of resources,
defense counsel may move to opt out of this pilot project.  A motion to opt out must be filed
within sixty days of the date of this order.

     Within thirty days, the assigned Deputy Attorney General shall contact the Courtroom
Deputy, Judy Streeter, at (916) 930-4004, to schedule the settlement conference.  If difficulties
arise in scheduling the settlement conference due to the court's calendar, the parties may seek an
extension of the initial 120 day stay.

     Once the settlement conference is scheduled, at least seven days prior to conference, the
parties shall submit to the assigned settlement judge a confidential settlement conference
statement.  The parties' confidential settlement conference statement shall include the following:
(a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a
short procedural history; (d) an analysis of the risk of liability, including a discussion of the
efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made
to settle the case; and (f) any documents which have not already been filed with the court and
which may be relevant to resolution of this case.

     In accordance with the above, IT IS HEREBY ORDERED that:

     1.  This action is stayed for 120 days to allow the parties an opportunity to settle their
dispute before a responsive pleading is filed, or the discovery process begins.  Except as provided
herein or by subsequent court order, no other pleadings or other documents may be filed in this
case during the stay of this action.  The parties shall not engage in formal discovery, but the
parties may elect to engage in informal discovery.

     2.  Defendants shall file any motion to opt out of the Post-Screening ADR Project no more
than sixty days from the date of this order.

---

[1]  If the case does not settle, the court will set a date for the filing of a responsive pleading.

3.  Within thirty days from the date of this order, the assigned Deputy Attorney General shall contact this court's Courtroom Deputy, Judy Streeter, at (916) 930-4004, to schedule the settlement conference.

4.  At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the judge assigned for settlement.

5.  If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

6.  The parties remain obligated to keep the court informed of their current address at all times during the stay and while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  See L.R. 182(f).

Dated:  June 5, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/sama1691.adr.post.waiver