1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARTHUR FERNANDO SAMARO,                      No.  2:19-cv-01691-CKD (PC)

12                    Plaintiff,

13          v.                                    ORDER

14   SIMPSON,

15                    Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  All parties have consented to the jurisdiction of a

19   United States Magistrate Judge for all further proceedings in this matter.  See ECF No. 29; see

20   also 28 U.S.C. 636(c)(1).

21          The events giving rise to this action occurred during plaintiff's arrest on December 27,

22   2018.  ECF No. 1.  On that date, defendant Simpson was employed as a California Highway

23   Patrol ("CHP") officer.  This case is proceeding on a single claim that defendant Simpson used

24   excessive force against plaintiff during the course of his arrest.  ECF No. 9 at 2-3.

25          Currently pending before the court is defendant's motion to dismiss plaintiff's complaint

26   for failing to state a claim upon which relief can be granted.  ECF No. 28.  After being granted a

27   sua sponte extension of time to file an opposition or statement of opposition, plaintiff has not

28   responded to the court's order, and the time for doing so has expired.  Based on the reasons

                                                     1

1  explained below, the court will grant the motion, in part, and deny it in part.

2       **I.**    **Factual and Procedural History**

3       Plaintiff's complaint alleges that while driving south on Interstate 5, a California Highway

4  Patrol vehicle pulled up behind him.  ECF No. 1 at 3.  This led to "[p]laintiff being persued (sic)

5  by the CHP vehicle" for an unspecified distance.  ECF No. 1 at 3.  Plaintiff ultimately pulled into

6  the driveway of a residence and was surrounded by multiple CHP officers who had their weapons

7  drawn and pointed at plaintiff.  Id.  A police dog was released that bit plaintiff behind his left

8  knee.  Id.  Plaintiff made it inside the residence where defendant Simpson and several

9  unidentified CHP officers threw him to the ground and handcuffed him.  Id.  While being

10  escorted out of the residence, plaintiff alleges that "Defendant Simpson came behind plaintiff and

11  using his elbow with excessive force contacted Plaintiff's body causing plaintiff to stumble and

12  experience pain."  ECF No. 1 at 4.

13       Based on these events, plaintiff alleges that he was injured behind his left knee from the

14  dog bite and that he also suffered blunt force trauma to his head, rib, and back.  ECF No. 1 at 3.

15  By way of relief, plaintiff requests compensatory and punitive damages for the "pain, suffering,

16  mental and emotional distress and tra[u]ma" that he experienced.  ECF No. 1 at 6.

17       **II.**    **Motion to Dismiss**

18       Defendant Simpson filed a motion to dismiss on September 10, 2020 contending that

19  plaintiff "did not plead sufficient facts to show the circumstances leading to his arrest or that the

20  officer's use of force was unreasonable under the circumstances."  ECF No. 28 at 3.  With respect

21  to the excessive force claim, defendant asserts that the complaint does not show "a causal

22  connection between the officer's conduct and Plaintiff's injuries to his left knee and head."  ECF

23  No. 28 at 3.  Defendant makes other arguments in his motion to dismiss concerning claims which,

24  pursuant to the March 30, 2020 screening order, are not before the court.  As a result, the court

25  finds it unnecessary to address those arguments.

26       **III.**    **Legal Standards**

27          **A. Motion to Dismiss**

28       In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

### B. Excessive Force

An excessive force claim in the course of an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). Objective reasonableness is determined based on the facts and circumstances at the moment of arrest without reference to the underlying intent or motivation of the officer. Id. at 397. Most importantly, the reasonableness of any particular use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396.

The reasonableness of an officer's use of force is determined by balancing the "nature and

quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." United States v. Place, 462 U.S. 696, 703 (1983). In determining whether the force utilized is objectively reasonable, courts consider: "(1) 'the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted,' (2) 'the government's interest in the use of force,' and (3) the balance between 'the gravity of the intrusion on the individual' and 'the government's need for that intrusion.'" Lowry v. City of San Diego, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc) (quoting Glenn v. Washington Cnty., 673 F.3d 864, 871 (9th Cir. 2011)). The government's interest in the force used is determined by assessing (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect actively resisted arrest or attempted to escape. Glenn, 673 F.3d at 871 (citing Graham, 490 U.S. at 396). Moreover, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396–97.

**IV.    Analysis**

At the outset, the court finds it necessary to clarify the constitutional basis upon which plaintiff's excessive force claim is proceeding. In his complaint, plaintiff states that his excessive force claim arises under the Fourteenth Amendment since he was an arrestee at the time of the incident. ECF No. 1 at 3. The screening order mistakenly stated that plaintiff's excessive force claim alleged a violation of the Eighth Amendment. ECF No. 9 at 2-3. Defendant correctly explains in his motion to dismiss that "allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification." ECF No. 28 at 6 (citing Graham v. Connor, 490 U.S. 386, 388 (1989)). Therefore, the court will apply the Fourth Amendment legal standard governing plaintiff's excessive force claim in resolving the motion to dismiss.

Taking the allegations in the complaint as true and resolving all doubts in plaintiff's favor, the court concludes that plaintiff's complaint sufficiently states an excessive force claim

1    against defendant Simpson after plaintiff was handcuffed and was being escorted out of the

2    residence.  That is the point in time which plaintiff alleges that defendant used his elbow to cause

3    plaintiff "to stumble and experience pain."  ECF No. 1 at 4.  There are sufficient factual

4    allegations presented in the complaint to challenge the reasonableness of this use of force in light

5    of the fact that plaintiff had already been handcuffed and was in the presence of multiple officers

6    inside a residence.  Accordingly, the court will deny the motion to dismiss the excessive force

7    claim against defendant.

8         However, since the complaint does not allege that defendant Simpson was the officer

9    responsible for deploying the police dog, the court agrees that there is no causal relationship

10   between defendant's conduct and plaintiff's injuries to his left knee.  See Leer v. Murphy, 844

11   F.2d 628, 633 (9th Cir. 1988) (emphasizing that "[the inquiry into causation must be

12   individualized and focus on the duties and responsibilities of each individual defendant whose

13   acts or omissions are alleged to have caused the constitutional deprivation.").  Therefore, the

14   court will grant defendant's motion to dismiss plaintiff's request for damages on this basis with

15   leave to amend.

16        With regard to the remaining damages, the court will deny the motion to dismiss.  While

17   the complaint does not specify where defendant's elbow made contact with plaintiff, it is

18   plausible that it was plaintiff's head where he suffered blunt force trauma.  See Ashcroft v. Iqbal,

19   556 U.S. at 678.  Taken in the light most favorable to plaintiff and presuming that these general

20   allegations "embrace those specific facts that are necessary to support the claim," the motion to

21   dismiss plaintiff's damages for head trauma is denied.  Lujan v. Defenders of Wildlife, 504 U.S.

22   555, 561 (1992).

23        To the extent the motion to dismiss argues that the complaint fails to state a cause of

24   action based on the denial of medical care, the court points out that no such claim was ever found

25   cognizable by the court.  See ECF No. 9.  The only claim which the court screened in was an

26   excessive force claim against defendant Simpson.  For the same reason, the court denies

27   defendant's motion to dismiss any sexual assault or sexual harassment claim against defendant

28   because this case is not proceeding on any such claim.  See ECF No. 9.  The motion to dismiss

1   the portions of the complaint dealing with the denial of medical care and the use of a water bottle

2   are denied as unnecessary.

3        Based on the foregoing, this case shall proceed on a single excessive force claim against

4   defendant Simpson for the striking of plaintiff with his elbow after he was handcuffed.

5   **V.      Plain Language Summary for Pro Se Party**

6        The following information is meant to explain this order in plain English and is not

7   intended as legal advice.

8        The court is denying defendant's motion to dismiss the excessive force claim.  It is

9   granting the motion to dismiss your request for damages to your left knee resulting from the dog

10  bite because the complaint does not allege that defendant Simpson was the officer in charge of the

11  canine.   The court is granting you leave to amend this claim within 30 days from the date of this

12  order should you choose to do so.  If you do not amend the complaint, this case will proceed on

13  the excessive force claim identified in the court's March 30, 2020 screening order.

14       Accordingly, IT IS HEREBY ORDERED that:

15  1.  Defendant Simpson's motion to dismiss the complaint (ECF No. 28) is granted in part

16      and denied in part as explained herein.

17  2.  Plaintiff is granted 30 days from the date of this order to file an amended complaint

18      consistent with this order should he choose to do so.  Any amended complaint should

19      bear the same case number (2:19-cv-1691 CKD) and be clearly labeled "Amended

20      Complaint."

21  Dated:  March 16, 2021

22

23            CAROLYN K. DELANEY
          UNITED STATES MAGISTRATE JUDGE

24

25

26  12/sama1691.12b6.docx

27

28

6